IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEREMY HAWKS, DAWN HAWKS, JENNIFER SIKO, and RODNEY WEST, on their own behalf and on behalf of all others similarly situated, ) ) ) ) ) | Case Number: <br> FILED: APRIL 10, 2009 <br> 09CV2225 |
| Plaintiffs, ) ) ) | JUDGE DER-YEGHIAYAN <br> MAGISTRATE JUDGE KEYS <br> BR |
| v. ) ) | |
| AMERICAN ESCROW, L.L.C., DEREK LURIE, and STEVEN LURIE , ) ) ) ) | |
| Defendants. ) | |

## CLASS ACTION COMPLAINT

Named plaintiffs Jeremy Hawks, Dawn Hawks, Jennifer Siko, and Rodney West file this Complaint on their own behalf and on behalf of all members of the class of others similarly situated against Defendants American Escrow, L.L.C., Derek Lurie, and Steven Lurie.

### Nature of This Case and Background

1.      This is a class action lawsuit brought on behalf of all customers who paid escrow funds to Defendant American Escrow, L.L.C. to satisfy property taxes and/or insurance obligations but whose escrow funds were not delivered or otherwise paid to the intended taxing authority and/or insurance provider or returned to the customers from January 1, 2008 to the present day.

2.     American Escrow provides – or, at least until its implosion in 2008 and 2009, provided – escrow services.  In essence, American Escrow promised to collect monthly payments from Plaintiffs, hold those payments, then pay Plaintiffs' property tax and insurance bills when those came due.  Plaintiffs paid American Escrow a fee each month for this service.

3.     Plaintiffs are a class of customers who contracted with American Escrow for American Escrow to provide these escrow services.

4.     Beginning some time in 2008, American Escrow neglected to pay Plaintiffs' property taxes and insurance obligations.

5.     All Plaintiffs made their regular monthly payments to American Escrow in 2008 and at least through February 2009.

6.     In or around March 2009, American Escrow notified Plaintiffs by letter that American Escrow was closing and "we are no longer able to service your account."

7.     American Escrow failed to return to Plaintiffs the money held in escrow by American Escrow at the time it shut down in March 2009.

<u>Parties</u>

8.     Plaintiffs Jeremy and Dawn Hawks are homeowners residing in Ohio.  American Escrow failed to pay at least $1,944.28 in property taxes for Mr. and Mrs. Hawks's home and also caused Mr. and Mrs. Hawks to incur penalties for non-payment of those taxes.  Mr. and Mrs. Hawks sent monthly payments to American Escrow that were sufficient to cover the $1,944.28 in property taxes that American

Escrow failed to pay; American Escrow has never returned that money to Mr. and Mrs. Hawks.

9. Plaintiff Rodney West is a homeowner residing in Ohio. He had deposited at least $1,494.54 in his escrow account with American Escrow when American Escrow notified him that American Escrow was closing. American Escrow has never returned that money to Mr. West.

10. Plaintiff Jennifer Siko is a homeowner residing in Pennsylvania. She had deposited at least $1,193.09 in her escrow account with American Escrow when American Escrow notified her that American Escrow was closing. American Escrow has never returned that money to Ms. Siko.

11. Plaintiffs bring this action on their own behalf and on behalf of all other persons similarly situated, namely, all customers of American Escrow, L.L.C. whose escrow funds were not delivered or otherwise paid to the intended taxing authority and/or insurance provider from January 1, 2008 to the present day and/or who did not receive a refund of unused escrow funds when American Escrow, L.L.C. ceased doing business.

12. Defendant American Escrow, L.L.C. is an Illinois limited liability company. Its principal place of business is at 404 North May Street, Chicago, Illinois, 60622. Derek Lurie and Steven Lurie are the members of American Escrow, L.L.C. The members of American Escrow, L.L.C. are the officers of American Tax Reporting, Inc., a similar business that operates out of the same location as American Escrow.

13.     Defendant Derek Lurie is a member of American Escrow, L.L.C. and oversees its day-to-day operations. Upon information and belief, he is a resident of Highland Park, Illinois.

14.     Defendant Steven Lurie is a member of American Escrow, L.L.C. Upon information and belief, he is a resident of Highland Park, Illinois.

### Jurisdiction and Venue

15.     This Court has jurisdiction over this matter pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, and 1711-15. At least one member of the Plaintiff class and at least one Defendant are citizens of different states. Additionally, the amount in controversy in this matter exceeds $5,000,000, exclusive of interests and costs.

16.     Venue is proper in this Court because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Defendant American Escrow, L.L.C. is located in Chicago, Illinois. American Escrow's failure to pay Plaintiffs' property taxes and insurance or return Plaintiffs' escrow funds occurred in Chicago, Illinois.

### Class Allegations

17.     Plaintiffs seek to represent the following class:

> All customers of American Escrow, L.L.C. whose escrow funds were not delivered or otherwise paid to the intended taxing authority and/or insurance provider from January 1, 2008 to the present day and/or who did not receive a refund of unused escrow funds when American Escrow, L.L.C. ceased doing business.

18. Named Plaintiffs are members of the Plaintiff class. Plaintiffs Dawn and Jeremy Hawks made monthly payments to an escrow account serviced by American Escrow, L.L.C.; American Escrow, L.L.C. was supposed to collect and hold those monthly payments in an escrow account and then use that account to pay the property tax and insurance for Mr. and Mrs. Hawks's home.

19. Plaintiff Jennifer Siko made monthly payments to an escrow account serviced by American Escrow, L.L.C.; American Escrow, L.L.C. was supposed to collect and hold those monthly payments in an escrow account and then use that account to pay the property tax and insurance for Ms. Siko's home.

20. Plaintiff Rodney West made monthly payments to an escrow account serviced by American Escrow, L.L.C.; American Escrow, L.L.C. was supposed to collect and hold those monthly payments in an escrow account and then use that account to pay the property tax and insurance for Mr. West's home.

21. There are at least several hundred Plaintiffs in the class, and probably several thousand. American Escrow operated as an escrow agent for homeowners in several states, including California, Colorado, Georgia, Illinois, Indiana, Iowa, Nebraska, New Hampshire, New York, Ohio, and Pennsylvania. Determining the precise number of Plaintiffs will require discovery from American Escrow. At a minimum, however, joinder is not practicable for the number of class members.

22. Common questions of law and fact predominate over any questions affecting only individual members. Such common questions of law and fact include:

a) Whether American Escrow, L.L.C. failed to deliver or otherwise pay to the intended taxing authorities and/or insurance providers the escrow funds that

Plaintiffs entrusted to American Escrow, L.L.C., and/or failed to return escrow funds to Plaintiffs when American Escrow, L.L.C. ceased doing business.

b) Whether such failure by American Escrow, L.L.C. constituted breach of contract and/or negligence.

c) Whether the Plaintiffs suffered damages and the extent of any such damages.

23.     Named Plaintiffs will fairly and adequately represent the interests of the class. They sit in the same position as all members of the class: their property tax and insurance bills were not paid beginning in 2008 and/or the monthly payments they made to American Escrow, L.L.C. were not returned to them when American Escrow, L.L.C. shut down in March 2009. In addition, named Plaintiffs have been instrumental in gathering information about American Escrow and its failure to pay property taxes and insurance bills and return escrow funds. Also, named Plaintiffs have retained undersigned counsel, who are experienced in pursuing complex class actions and have tried dozens of cases in this Court. Named Plaintiffs have no conflict of interest in maintaining a class action. Finally, the named Plaintiffs have retained counsel with adequate financial resources to assure that the interests of the class will be satisfied.

24.     This class action is the most fair and efficient method to adjudicate this controversy. There are probably thousands of members of the proposed class. In the absence of a class action, the courts would face a series of thousands of claims for amounts between approximately $1,000 and $15,000. Such a series of claims would clog the dockets and delay the resolution of the controversy for years.

## Count I: Breach of Contract
### (as to American Escrow, Derek Lurie, and Steven Lurie)

25.     Plaintiffs incorporate the foregoing paragraphs as if fully repeated here.

26.     American Escrow and Plaintiffs entered into uniform contracts for American Escrow to provide escrow services for property taxes and insurance. Each of those contracts was supported by due consideration from each party; in exchange for a monthly fee from Plaintiffs, American Escrow agreed to collect, hold, and use Plaintiffs' monthly payments to satisfy Plaintiffs' property tax and insurance bills.

27.     Pursuant to its standard contract, American Escrow promised to "cause Client's tax and/or insurance payments to be made on subject property regularly and faithfully." *See* American Escrow, L.L.C. Real Estate Tax and/or Insurance Escrow Account Agreement § 8 (attached hereto as Exhibit 1).

28.     American Escrow failed to pay Plaintiffs' property taxes and insurance beginning some time in 2008 and continuing until at least March 2009.

29.     Further, pursuant to its standard contract, American Escrow promised that upon the termination of the contract, "all funds then being held on behalf of Client shall be repaid to Client." *Id.* § 13.

30.     When American Escrow shut down its operations in March 2009, it failed to return to Plaintiffs the funds Plaintiffs had paid into their escrow accounts.

31.     Plaintiffs satisfied all obligations under their contracts with American Escrow.

32.     American Escrow's breaches harmed Plaintiffs by, among other things, causing their taxes and/or insurance to go unpaid, and by the loss of the money collected by American Escrow and not returned to Plaintiffs.

33.     American Escrow took the breaching actions at the direction of Derek Lurie and Steven Lurie.

34.     Plaintiffs' contracts with American Escrow entitle Plaintiffs' to collect their attorneys' fees for this action. *Id.* § 17.

### Count II: Negligence
### (as to American Escrow, Derek Lurie, and Steven Lurie)

35.     Plaintiffs incorporate the foregoing paragraphs as if fully repeated here.

36.     Plaintiffs entrusted American Escrow to collect and oversee their escrow accounts. American Escrow owed Plaintiffs a duty of care in overseeing and distributing those accounts.

37.     American Escrow negligently failed to pay Plaintiffs' property taxes and insurance beginning some time in 2008 and continuing until at least March 2009.

38.     When American Escrow ceased operations in March 2009, American Escrow negligently failed to return to Plaintiffs the money they had paid into their escrow accounts.

39.     These failures harmed Plaintiffs by, among other things, causing their taxes and/or insurance to go unpaid, and by the loss of the money collected by American Escrow and not returned to Plaintiffs.

40. American Escrow's negligence was directed by Derek Lurie and Steven Lurie.

Jury Trial Demanded

41. Plaintiffs request a jury trial.

WHEREFORE, Plaintiffs pray for judgment on their behalf and the following relief:

Certification of a class pursuant to Rule 23 of the Federal Rules of Civil Procedure;

Injunctive relief requiring Defendants to satisfy any outstanding property tax and/or insurance bills;

Damages in excess of $5,000,000;

Reasonable costs and attorney's fees;

Such other relief that this Court deems proper.

Arthur Loevy
Mike Kanovitz
Jon Loevy
Daniel Twetten
Loevy & Loevy
312 North May Street, Suite 100
Tel.: 312.243.5900
Fax: 312.243.5902

Respectfully submitted,

 s/Mike Kanovitz
By One of Plaintiffs' Attorneys