```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION


JEREMY HAWKS, DAWN HAWKS,      )
JENNIFER SIKO, and RODNEY      )
WEST, on their own behalf and  )
on behalf of all others        )   Case No. 09 C 2225
similarly situated,            )
                               )
             Plaintiffs,       )
                               )
        v.                     )
                               )
AMERICAN ESCROW, LLC, DEREK    )   Magistrate Judge Arlander Keys
LURIE, and STEVEN LURIE,       )
                               )
             Defendants.       )
-------------------------------)
AMERICAN ESCROW, LLC,          )
                               )
    Third-Party Plaintiff,     )
                               )
        v.                     )
                               )
WESTCHESTER FIRE INSURANCE     )
COMPANY and ALEXANDER J.       )
WAYNE & ASSOCIATES, INC.,      )
                               )
    Third Party Defendants.    )
-------------------------------)
ALEXANDER J. WAYNE &           )
ASSOCIATES, INC.,              )
    Fourth-Party Plaintiff,    )
v.                             )
TOTAL INSURANCE SERVICES,      )
INC.,                          )
    Fourth-Party Defendant.    )
```

### MEMORANDUM OPINION AND ORDER

Currently before the Court is Third-Party Defendant/Fourth-Party Plaintiff's, Alexander J. Wayne & Associates, Inc. ("AJW"), Motion to Dismiss and/or Strike American Escrow, LLC's ("American Escrow") Third-Party Complaint pursuant to Federal Rules of Civil

Procedure 12(b)(6) and 14(a)(1) and (4). [Dkt. #118] Additionally, before the Court is Fourth-Party Defendant's, Total Insurance Services, Inc. ("Total Insurance"), Motion to Dismiss Third and Fourth-Party Complaints pursuant to F.R.C.P. Rule 12(b) [Dkt. #113], as well as Total's Motion to Strike the Third and Fourth-Party Complaint pursuant to F.R.C.P. Rule 14(a)(4). [Dkt. #115] For the reasons set forth below, the Court grants AJW's motion to dismiss [Dkt. #118], and finds that it does not have jurisdiction with regard to Total Insurance's Motions.

## BACKGROUND

On April 10, 2009, Plaintiffs filed a putative class action complaint against American Escrow, LLC and its principals, Derek and Steven Lurie, alleging breach of contract and negligence. On May 8, 2009, after American Escrow was served but failed to appear, Plaintiffs filed a Motion for Entry of Default Judgment against them. [#15] The District Court granted Plaintiff's Motion for Entry of Default Judgment on May 14, 2009. [#26] On April 27, 2010, the District Court entered a minute order terminating American Escrow as a party to this case [#50], and the remaining parties consented to have a United States Magistrate Judge conduct any and all further proceedings. [#51] On May 3, 2010, the case was reassigned to this Court pursuant to Local Rule 73.1(b), and discovery proceeded.

Two years later, without obtaining leave of Court to appear,

answer the original complaint, vacate the default judgment entered, and while terminated as a party to the case, American Escrow filed a Third-Party Complaint on May 25, 2011 against Westchester Fire Insurance Company ("Westchester") and AJW, seeking declaratory relief and damages.[1] American Escrow alleged that in the event its claims against Westchester were unsuccessful, it is entitled to monetary damages from AJW for purported negligence in the negotiation, recommendation, and ultimate placement of the Westchester policy. [Id. at ¶¶3, 64-73]. The Third-Party Complaint against AJW was stayed pending the resolution of Westchester's Motion to Dismiss, which, on March 16, 2012, was granted. [Dkt. #99]

On June 13, 2012, AJW filed a fourth-party complaint against Total Insurance, stating a claim for contribution in the event that AJW is found liable to American Escrow [Dkt. #104] On August 13, 2012, Fourth-Party Defendant, Total Insurance, filed a F.R.C.P. Rule 12(b) Motion to Dismiss the Third-Party Complaint filed by American Escrow for failure to state a claim, and as a consequence, Total Insurance moves the Court to dismiss the Fourth-Party Complaint as a nullity. Total Insurance also filed a Motion to Strike the Third and Fourth-Party Complaint pursuant to F.R.C.P. Rule 14(a)(4). [Dkts. #113 and #115]

---

[1] On November 4, 2011, American Escrow, AJW, and Westchester jointly consented to the exercise of jurisdiction by a United States Magistrate Judge [Dkt. #88].

3

The Court must decide on AJW's Motion to Dismiss and/or Strike American Escrow's Third-Party Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 14(a)(1) and (4), as AJW concedes that if American Escrow's third-party complaint is dismissed and/or stricken, AJW's fourth-party complaint against Total Insurance would be a nullity. AJW argues that, although the Court set aside the entry of default, it did so after the Statute of Limitations to bring suit against AJW had run, and, therefore, AJW's substantive rights are terminated and cannot be revived. For the following reasons, the Court agrees and grants AJW's Motion to dismiss.

## APPLICABLE LAW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). A statute of limitations defense is appropriate for a motion to dismiss under Rule 12(b)(6) when "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when the complaint plainly reveals that an action is untimely under the governing statute of limitations." *United States v. Lewis*, 411 F.3d 838, 848 (7th Cir. 2005).

Federal Rule of Civil Procedure 14(a) governs third-party practice. It provides:

> A defending party may, as third-party plaintiff,
> serve a summons and complaint on a nonparty who
> is or may be liable to it for all or part of the
> claim against it. But the third-party plaintiff
> must, by motion, obtain the court's leave if it
> files the third-party complaint more than 14 days
> after serving its original answer.

Fed. R. Civ. P. 14(a)(1).

Federal Rule of Civil Procedure 14(a)(4) provides that any party may move to strike a third-party claim. A third-party claim is appropriately stricken if it is filed after this 14-day period has expired, unless the party has sought leave of court. *See United States v. Brow*, No. 01-CV-4797 NGG, 2011 WL 2845300, at * 4 (E.D.N.Y. July 13, 2011) (granting motion to strike third-party complaint for failure to adhere to Rule 14(a)'s 14-day requirement).

**DISCUSSION**

AJW argues that American Escrow's third-party complaint should be dismissed for two main reasons: that F.R.C.P. 14(a)(1) requires it, and that the filing occurred after the statute of limitations expired. The Court agrees. American Escrow filed its third-party complaint without leave of Court, which Rule 14(a)(1) requires. And at the time American Escrow filed its third-party complaint, the Court had entered a default against American Escrow and had terminated American Escrow as a party to the case. Although the Court did subsequently set aside the entry of default, upon closer analysis, the Court finds that it

5

was done after the statute of limitations to bring suit against AJW had expired.  For these reasons, which are explained more fully below, the Court grants AJW's motion to dismiss.

Federal Rule 14(a)(1) required American Escrow to be a "defending party" at the time it filed its third-party complaint. The Court finds that it was not.  The Court terminated American Escrow as a party, and at the time American Escrow filed its third-party complaint, a default had been entered against it. American Escrow contends that the May 2009 default was vacated when the Hawks Plaintiffs filed an amended complaint in the underlying action on June 29, 2009, and relies on *Vanguard Financial Services Corp. v. Johnson*, 736 F. Supp. 832 (N.D. Ill. 1990); *United States ex rel. Simplexgrennell, L.P. v. Aegis Insurance Co.*, No. 1:08-CV-01728, 2009 WL 577286 (E.D. Pa. Mar. 5, 2009), and *Boim v. Quranic Literacy Institute*, No. 00 C 2905, 2003 WL 22089388 (N.D. Ill. Sep. 9, 2003) for support.  The Court finds American Escrow's reliance on each case misplaced, as each case is distinguishable.

In *Vanguard Financial Services*, for example, Plaintiff Vanguard moved for an entry of a default after several of the defendants failed to appear or answer its complaint.  *Vanguard Fin. Servs. Corp.*, 736 F. Supp. at 835.  But while its motion for default was pending, Vanguard requested leave to file an amended complaint.  *Id*.  The court granted this request, and also granted

defendants an additional 21 days to respond to Vanguard's amended complaint, thus mooting Vanguard's motion for default. *Id*. Similarly, in *Simplexgrennell*, Plaintiff Simplexgrennell filed an amended complaint while its motion for default was pending, and thus, the court denied Simplexgrennell's motion for default on the original complaint. *United States ex rel. Simplexgrennell, L.P.*, 2009 WL 577286, at *2. In *Boim*, a default had been entered against defendant Hinawi for failing to appear. Subsequently, the Boims were granted leave to amend their complaint, which they did. However, problematically, the Boims failed to properly serve their amended complaint on Hinawi.

Herein, the Court finds the procedural history to be much different. No motion for default was pending when Plaintiffs filed their amended complaint. Instead, the District Court had already entered a judgment of default against American Escrow. Moreover, American Escrow was properly served. This issue was directly addressed at the Court's November 4, 2011 status hearing, where the Court noted that American Escrow filed its appearance while in default and that this "default [had not] been cured." (*See* Exhibit A, 11/4/2011 Tr., at p.4, lines 6-15). The Court acknowledges the confusion, as it did appear as if the default was cured upon being set aside without objection at the status hearing, and by the Court's order granting American Escrow leave to file its third-party complaint. However, upon the

7

Court's more detailed analysis of events, the setting aside was erroneous and not legally effective, as the statute of limitations had, in fact, expired, and the Court cannot revive American Escrow's substantive rights after they have been terminated. Ultimately, the parties' non-compliance with Rule 14 is not merely a technicality, but is jurisdictional in nature.

Rule 14(a)(1) also required American Escrow to seek leave of Court to file its third-party complaint if it did not do so within 14 days of its answer. A third-party complaint filed without leave pursuant to Rule 14 is appropriately stricken. *Sabo v. Dennis Technologies, LLC*, 2007 WL 1958591, at *3 (S.D. Ill. July 2, 2007). American Escrow never filed an answer, so default against American Escrow was entered on May 14, 2009. As a general rule, a default judgment establishes liability as to each cause of action alleged in the complaint. *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) ("Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true."). Failing to request leave from the court when leave is required makes a pleading more than technically deficient -it results in a pleading with no legal effect. *United States ex rel. Matthews v. Healthsouth Corp*., 332 F.3d 293, 295 (5th Cir. 2003) ("In general, if an amendment that cannot be made as of right is served without obtaining the court's leave or the opposing

party's consent, it is without legal effect and any new matter it contains will not be considered unless the amendment is resubmitted for the court's approval.").

Secondly, the Court finds that American Escrow's third-party complaint was filed after the statute of limitations had expired, and the Court's subsequent setting aside of the default did not revive American Escrow's terminated substantive rights, as touched on briefly above. Under Illinois law, a claim stemming from the alleged negligence in or other failure to procure proper insurance accrues at the time the insurance company denies the claim. *See, e.g., State Farm Fire & Cas. Co. v. Rickhoff Sheet Metal Co.*, 914 N.E.2d 577, 593 (Ill. App. Ct. 2009); *see also Commonwealth Ins. Co. v. Stone Container Corp.*, 323 F.3d 507, 509 (7th Cir. 2003).

735 ILCS 5/13-214.4 governs American Escrow's third-party complaint against AJW. It provides:

> All causes of action brought by any person or entity under any statute or any legal or equitable theory against an insurance producer, registered firm, or limited insurance representative concerning the sale, placement, procurement, renewal, cancellation of, or failure to procure any policy of insurance shall be brought within 2 years of the date the cause of action accrues.

Herein, American Escrow alleges that Westchester denied its claim on May 26, 2009. (See American Escrow's Third-Party Compl. at ¶34 [Dkt. #64]). Thus, the statute of limitations for

9

American Escrow's claim against AJW began to run on May 26, 2009 and expired on May 26, 2011. Although the Court finds that American Escrow's third-party complaint was filed on May 25, 2011, just falling within the statute of limitations, its filing was nonetheless improper and invalid. American Escrow was subject to entry of default, terminated as a party, and had not requested leave of court. Thus, this Court's subsequent setting aside of the entry of default did not provide it with substantive rights. For these reasons, American Escrow's third-party complaint has no legal effect.

To the extent the Court were to give the setting aside of the entry of default legal effect (even though American Escrow did not seek leave to file as Rule 14(a)(1) requires), the earliest date that its effect could begin would be November 4, 2011 – when the Court set aside the earlier entry of default. This is beyond the statute of limitations. Therefore, American Escrow's third-party complaint is dismissed.

Finally, AJW conceded that if American Escrow's third-party complaint was dismissed, then its fourth-party complaint against Total Insurance would be a nullity.[2] AJW's Resp., p.2 n. 2,

---

[2]The Court acknowledges the filing on March 25, 2013 of a notification of a settlement between Plaintiffs, American Escrow, Derek Lurie, Steven Lurie, and AJW [Dkt. #154], but notes that the agreement is solely between the parties and can have no influence on the Court's decision, which was largely completed previous to the parties' filing. This Court is a strong advocate of parties resolving cases through mutual agreement, rather than through litigation, and hopes that this decision does not result in any interference with that voluntary process.

[Dkt. #120]. Nonetheless, because Total Insurance never consented to the jurisdiction of this Court, the Court has no jurisdiction to adjudicate the pending motions Total Insurance has filed.

## Conclusion

For the reasons set forth above, AJW's Motion to Dismiss and/or Strike American Escrow's Third-Party Complaint [#118] is granted, and the Court finds that it does not have jurisdiction with regard to Total Insurance's Motion to Dismiss Third and Fourth-Party Complaints [#113], or Total Insurance's Motion to Strike Third and Fourth-Party Complaints [#115].

Date: March 27, 2013

E N T E R E D:

_____
MAGISTRATE JUDGE ARLANDER KEYS
UNITED STATES DISTRICT COURT